# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES PITTMAN, on behalf of himself
and those individuals similarly situated,**

      **Plaintiff,**

**v.**                                                           **Case No.  8:12-cv-2142-T-30TGW**

**COMFORT SYSTEMS USA
(SOUTHEAST), INC., a Florida
Corporation,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Dkt. 18) and Defendant Comfort Systems USA (Southeast), Inc.'s Response (Dkt. 25).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted to the extent that it seeks conditional certification.

## BACKGROUND

This is an action for overtime compensation under the Fair Labor Standards Act ("FLSA").  Defendant Comfort Systems USA (Southeast), Inc. ("Comfort") operates HVAC service and maintenance provider offices throughout Florida, Georgia, Alabama, Mississippi, and Louisiana.  Comfort employs service technicians at various locations throughout these

states.  Plaintiff James Pittman worked for Comfort as a non-exempt hourly paid service technician from approximately June 2010 to February 2012.  Pittman alleges that he was not compensated for the time he spent traveling from his last jobsite to his in-home office.  Pittman further alleges that he was not compensated for the time he spent scanning, emailing, and faxing paperwork to Comfort at the end of each work day from his in-home office.

Pittman's amended motion to conditionally certify a collective action under the FLSA states that, since the filing of this action, five individuals employed at Comfort have come forward to participate in this case by opting-in.  These individuals were remote service technicians, paid by the hour, and based out of Comfort's Tampa office.  These individuals, like Pittman, were not compensated for their travel time from their last service call to their remote in-home office, or for their time spent faxing, emailing, and scanning paperwork from their in-home office to the Tampa Comfort office.

Pittman requests the Court to permit, under Court supervision, notice to all full-time remote service technicians employed by Comfort in Florida within the last three years.

## **DISCUSSION**

Pursuant to the FLSA,

[a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Systems*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).  The first tier, known as the notice stage, is relevant here.  "At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members." *Id.* at 1243.  The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated.  *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Comfort acknowledges that the first tier of the collective action process is not onerous because the Eleventh Circuit has adopted a lenient, pleading-like standard to determine whether notice to potential class members is appropriate.  Comfort also concedes that it does not have a reasonable basis to oppose Pittman's satisfaction of this preliminary threshold because five similarly-situated individuals have already opted-in to this action and other individuals have expressed an interest in opting-in to this action.  Comfort also does not object to Pittman's proposed Court-authorized-notice to the extent that it will be sent only to "Remote Service Technicians" who reported to Comfort's Tampa office within the statute of limitations.

Comfort objects to certain details contained within the form of Pittman's proposed notice.  Comfort also argues that the Court should address other issues surrounding the notice.  For example, Comfort argues that a ninety-day notice period is overbroad and requests a sixty-day notice period.  The Court concludes that a ninety-day notice period is appropriate and overrules this objection.

Comfort also argues that Pittman's request for disclosure of the putative class member's names, addresses, phone numbers, social security numbers, and email addresses is unnecessary because Comfort is willing to transmit the Court-authorized-notice to all putative class members.  The Court concludes that the disclosure of social security numbers and phone numbers is unnecessary and impacts the putative class members' privacy.  The Court leaves the issue of who should transmit the notice to the parties to resolve as discussed in more detail below.  However, the Court concludes that communication through email, in addition to regular mail, is fair and proper notice.

Comfort contends that Pittman's proposal to send a "Reminder Notice" postcard to the putative class members at the half-way point in the notice period is inappropriate.  The Court agrees that Reminder Notices are unnecessary.

In sum, the Court grants Pittman's motion to the extent that it seeks conditional certification as discussed above.  However, the Court concludes that the parties should confer and submit a joint proposed notice for the Court's review given Comfort's objections to

certain details contained in Pittman's proposed notice and the issues the Court has already addressed herein.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Amended Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Dkt. 18) is granted to the extent stated herein.

2.     The Court hereby conditionally certifies a class of current and former full-time Remote Service Technicians who worked for Defendant Comfort Systems USA (Southeast), Inc. based out of the Tampa, Florida branch/office from three years prior to the date of this Order.

3.     The parties shall confer with respect to Comfort's objections to certain provisions of the notice (to the extent not already addressed by the Court) and file a joint proposed notice within fourteen (14) days of this Order.  If the parties are unable to agree on the details of the notice, they shall individually file a proposed notice for the Court's review during that same period of time.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2012\12-cv-2142.mtcertify18.frm