UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES PITTMAN, on behalf of himself
and those individuals similarly situated,**

    **Plaintiff,**

v.                                                        Case No.  8:12-cv-2142-T-30TGW

**COMFORT SYSTEMS USA
(SOUTHEAST), INC., a Florida
Corporation,**

    **Defendant.**
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon Plaintiff's Motion to Expand Collective Action and/or to Add Subclasses (Dkt. 39), Defendant's Response (Dkt. 40), and Plaintiff's Reply (Dkt. 43).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

    Although Defendant opposes Plaintiff's Motion, Defendant's Response suggests alternative terms for Plaintiff's proposed expansion of this collective action.  Plaintiff's Reply indicates his agreement with these terms.  Thus, the Court adopts Defendant's suggestions regarding the limitations of the expansion.

    The parties disagree on whether equitable tolling is appropriate. Plaintiff requests that the statute of limitations be tolled to allow Plaintiff the opportunity to capture employees within the expanded scope dating back to the Court's original 3-year statute of limitations

calculation date (i.e., February 13, 2010). Plaintiff argues that Defendant misled him with respect to the initial scope of the collective action.

The record does not support Plaintiff's position that he was misled. As Defendant points out, Plaintiff requested that the class be defined as "Remote Service Technicians". Moreover, Plaintiff has not established "extraordinary circumstances" justifying equitable tolling. *See Sandvik v. U.S.*, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (noting that equitable tolling is appropriate when a movant "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

Plaintiff fails to meet the burden of establishing circumstances beyond his control or which were unavoidable with due diligence because Plaintiff could have chosen a more expansive scope in the First Notice. Also, Plaintiff could have requested that the Court revisit the scope of the conditional collective action upon discovering, *prior to the date of the mailing of the First Notice*, that there was a discrepancy in the putative class size. Accordingly, Plaintiff's request for equitable tolling of the statute of limitations is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Expand Collective Action and/or to Add Subclasses (Dkt. 39) is granted in part and denied in part.

2. The current conditionally certified class is expanded to include all current and former full-time hourly paid employees of Defendant who installed, repaired, serviced, or provided maintenance to commercial AC/HVAC units and were required to scan, e-mail and/or fax paperwork at the end of each work day.

3. Defendant shall produce to Plaintiff, within fourteen (14) days of this Order, a list containing the names, the last known addresses and e-mail addresses of putative class members not previously included in Defendant's February 28, 2013 disclosure list, who worked for Defendant from three years prior to the date of this Order.

4. Plaintiff's counsel may send the proposed notice, in the form attached to Plaintiff's Motion as Exhibit C, <u>subject to the above date change in both the body and heading of the notice</u>, to all individuals whose names appear on the list produced by Defendant's counsel by first-class mail and e-mail as was permitted for the initial notice.

5. The individuals who choose to opt-in this lawsuit shall file a Consent to Become Opt-In Plaintiff, in the form attached to Plaintiff's Motion as Exhibit D, within sixty (60) days from the date the notices are initially mailed to said individuals.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2142.mtexpand39.wpd